UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEON R. MURRAY,<br><br>                    Plaintiff,<br><br>     v.<br><br>GARY RANEY, Sheriff of Ada Co.,<br>MEDICAL DIRECTOR PAPE #4810,<br>ADA COUNTY JAIL, SGT.<br>MUNTIFERING, ADMINISTRATIVE<br>BILLING ROBERTSON #4678,<br><br>                    Defendants. | Case No. 1:11-cv-00428-MHW<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

Pending before the Court is Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b) ("Motion to Dismiss"). (Dkt. 19.) The parties have all consented to proceed before a Magistrate Judge. (Dkt. 18.) Accordingly, the Court, having reviewed the arguments, case law, and the record in this matter, hereby grants Defendants' Motion to Dismiss for the following reasons.

## BACKGROUND

On July 31, 2011, Plaintiff was arrested in Canyon County. He was then transferred to the Ada County Jail ("Jail") on August 3, 2011, where he was detained for 29 days. Because Plaintiff had a previous charge on his record of assaulting a correctional

**MEMORANDUM DECISION AND ORDER - 1**

officer, he was classified as a high security inmate. As a result, he was kept in administrative segregation with limited privileges. The Jail's applicable policy further required that Plaintiff would be handcuffed with a black box and waist chain, and shackled any time he left his cell, including during the one-hour of daily outdoor recreation time in an exercise "cage." (Dkt. 3-1, p. 9.) Alternatively, if an administrative segregation inmate opted not to go outside, the inmate could go to the dayroom instead for one and a half hours each day. It is unclear whether Plaintiff was required to be handcuffed and/or shackled while in the dayroom.[1] (*Id.* at pp. 9-11.) Plaintiff alleges the dayroom has frosted windows, a color television and is approximately nine steps long and seven steps wide. (*Id.* at 10.) In addition, Plaintiff's cell has approximately five steps by four steps of unobstructed area, and the hallway on the tier is 35 steps long by three steps wide. (*Id.*)

In the Complaint, Plaintiff admits that he "was asked by jail deputies every morning if he wants outdoor recreation." (*Id.* at 10.) Plaintiff contends, however, that "because the outdoor rec policy of handcuffing and shackling" was painful, Plaintiff refused to go outside during the 29 days he was detained. (*Id.* at 10-11.) Plaintiff further alleges that the deprivation of natural light and exercise exacerbated his pre-existing "mental health issues" such as bi-polar effective disorder, post-traumatic stress disorder, anxiety disorder, and hypertension, and caused Plaintiff depression, anxiety, and anger.

---

[1]If an inmate opted for the one-hour outdoor recreation time, he then had one half hour to spend in the dayroom. When the inmate was in the dayroom, he could make phone calls or watch television, or use that time to clean his cell or shower. (Dkt. 3-1, pp. 10-11.)

**MEMORANDUM DECISION AND ORDER - 2**

(*Id.* at 12.)

On August 14, 2011, Plaintiff filed an Inmate Grievance Report with the Jail regarding the Jail's policy of having high security inmates remain in restraints during outside exercise times. (Dkt. 3-18.) Later that day, Jail staff denied Plaintiff's grievance and explained that Plaintiff was placed in the restraints "because you have a history of battery on Law Enforcement . . . Ada County has placed you in restraints for your protection and the protection of staff during your recreation time." (*Id.*) Plaintiff appealed the grievance, and on August 20, 2011, Defendant Muntifering also denied the grievance and stated that the "policy is for the security of the facility, and to meet officer safety as well. You are given time out for rec. how you are secured does not violate your rights." (*Id.*)

Plaintiff is proceeding pro se in this action. In the Complaint filed September 15, 2011, Plaintiff alleges his constitutional rights were violated while he was incarcerated at the Jail in 2011 as a result of three separate Jail policies.[2] However, this Court reviewed Plaintiff's claims and pursuant to its Initial Review Order, allowed Plaintiff to proceed only on his Eighth Amendment claim of having to wear restraints while in the outdoor recreation area against Defendants Sheriff Gary Raney and Sergeant Muntifering. (Dkt. 11.) Plaintiff seeks damages for pain and suffering, punitive damages, and injunctive

---

[2]The Court dismissed Plaintiff's other claims alleging 1) the Jail's policy of refusing to prescribe narcotic pain medication, coupled with the staff's failure to manage his pain during his stay at the Jail, violated his constitutional right to adequate medical care while detained; and 2) the Jail's policies of deducting medical co-pays from his trust account for medical services he received, and the freezing or debiting $15 in his account if he used medical services were unconstitutional. (Dkt. 11, p. 12.)

**MEMORANDUM DECISION AND ORDER - 3**

relief.

Defendants filed their Motion to Dismiss on March 9, 2012 and argue that
Plaintiff's Complaint be dismissed in its entirety because: 1) Plaintiff's allegations of
mental injury are insufficient to recover damages under the Prison Litigation Reform Act
("PLRA"); 2) Plaintiff does not qualify for in forma pauperis status and may not bring
this suit without first paying the filing fee; 3) Plaintiff has failed to allege a constitutional
violation; 4) qualified immunity shields the Defendants from liability; 5) Defendants are
not subject to punitive damages; and 6) Plaintiff's request for injunctive relief is moot.
(Dkt. 19.) The Court will address each of Defendants arguments below.

## STANDARD OF REVIEW

To state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and
plain statement of the claim showing that the pleader is entitled to relief," in order to
"give the defendant fair notice of what the ... claim is and the grounds upon which it
rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *(quoting Conley v.
Gibson*, 355 U.S. 41, 47, (1957)). While a complaint attacked by a Rule 12(b)(6) motion
to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the
"grounds" of his entitle[ment] to relief" requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will not suffice. *Id. (citing
Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not
bound to accept as true a legal conclusion couched as a factual allegation")). In other
words, while Rule 8 does not demand detailed factual allegations, "it demands more than

**MEMORANDUM DECISION AND ORDER - 4**

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).

However, a "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Indeed, the Ninth Circuit joins several other circuits that have determined that pro se complaints should continue to be liberally construed after *Iqbal*. *Id*.

## DISCUSSION

### 1. Propriety of Plaintiff's In Forma Pauperis Status

At the outset, one of Defendants' arguments is that Plaintiff does not properly qualify for in forma pauperis ("IFP") status, and thus may not bring the instant lawsuit without first paying the filing fee. Defendants' argument is based on Section 1915(g) of the PLRA which provides that:

> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

MEMORANDUM DECISION AND ORDER - 5

is under imminent danger of serious physical injury.

This subdivision is commonly known as the "three strikes" provision. A "strike" consists of a prior case or appeal, brought by the plaintiff while he or she was a prisoner, which was dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. If a prisoner has three or more strikes, he or she may not proceed IFP. *See Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005). In *Andrews*, the Ninth Circuit held that the defendant bears the burden of producing sufficient evidence to establish that Section 1915(g) bars the plaintiff's IFP status. Once the defendant has made out a prima facie case, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply. *Id.*

In addition, the district court must then independently review the orders dismissing those actions that purportedly qualify as "strikes" to determine if they were dismissed because they were frivolous, malicious or failed to state a claim. *Id.* at 1121. The Ninth Circuit has applied an ordinary, contemporary definition to the term "frivolous" for purposes of Section 1915(g), and has held that "a case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citing *Webster's Third New International Dictionary* 913 (1993)).

Defendants argue that three prior cases filed by Plaintiff were all dismissed on one or more of the grounds set forth in Section 1915(g). In the first case, *Murray v. Bowlin*, 960 F.2d 152 (9th Cir. 1992), the Ninth Circuit affirmed the District Court's summary judgment in favor of the defendant. The Court reviewed the Ninth Circuit's decision

**MEMORANDUM DECISION AND ORDER - 6**

wherein it stated that Plaintiff's complaint about a prison guard's pat search of his genital area "lacks merit." *See* Dkt. 25-1, pp. 1-2. Although Plaintiff's argument about the prison guard's pat search violating his Fourth Amendment rights may have lacked merit, the Court does not agree that the Ninth Circuit's determination that a particular argument was meritless equated to the entire lawsuit being considered frivolous or failing to state a claim upon which relief could be granted. Accordingly, the Court finds that this case does not count as a strike under Section 1915(g).

In the second case, *Murray v. Killeen*, Case No. 94-0499-S-BLW, Plaintiff filed the action while on parole. (Dkt. 25-2, p.3.) As such, he was no longer a "prisoner" for purposes of § 1915(g) at the time he filed that complaint, so that case does not count toward the three strikes provision either. *See* 28 U.S.C. § 1915(h) (defining the term "prisoner," which does not include persons released on parole); *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011).

In the third case, *Murray v. Delaplain,* No. 89-1150 (D. Idaho 1990), Plaintiff filed the action while incarcerated at the Idaho Maximum Security Institution. (Dkt. 25-4, p.1.) The District Court adopted the Report and Recommendation filed by the Magistrate Judge (Dkt. 25-3, pp. 2-3), which granted Defendants' motion for summary judgment. (Dkt. 25-4, p.6.) In the Report and Recommendation, the Court found that "Plaintiff's allegations . . . are insufficient to rise to the level of constitutional deprivation" (*Id.* at p. 4), and that the case was "a serious waste of judicial time and resources." (*Id.* at p. 6.) A dismissal based on these findings is analogous to "having no basis in law or fact," and thus it is a

frivolous case that can be considered a strike under Section 1915(g).[3]

Since only one of the three cases that Defendants have cited qualify as a "strike" under Section 1915(g), Defendants' motion to revoke Plaintiff's IFP status and to require Plaintiff to pay the filing fee first is denied. Plaintiff shall retain his IFP status in this lawsuit.

## 2. Plaintiff's Recovery of Damages

Defendants contend that Plaintiff may not recover damages because he has failed to allege that he suffered any physical injury as a result of his purported denial of outdoor recreation time, which is required under the PLRA. Section 1997e(e) of the PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

In *Oliver v. Keller*, the Ninth Circuit held that  that "for all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than *de minimis*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th

---

[3]Plaintiff's only rebuttal to Defendants' three-strike argument is that "defendants have not put forth any legal authority that cases prior to implementation of the P.L.R.A. in 1996 can be used as strikes." (Dkt. 21, p.5). The Ninth Circuit, however, has determined that Section 1915(g) applies to "dismissals that preceded the effective date of the act [April 26, 1996]." *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

In addition, Plaintiff's Responce to Defendants' Motion to Dismiss FRCP 12(b) and Memorandum in Support [sic] (Dkt. 21) does not contend that he was in "imminent danger of serious physical injury" when he filed the instant lawsuit, nor does the Complaint include any allegations of this type. Thus the "imminent danger" exception to § 1915(g) does not apply in this case.

**MEMORANDUM DECISION AND ORDER - 8**

Cir. 2002). The statute has been interpreted to bar recovery for compensatory damages

based solely on mental or emotional injury.  However, the *Oliver* case goes on to state

that to "the extent [plaintiff's] claims for compensatory, nominal or punitive damages are

premised on alleged Fourteenth Amendment violations, and not on emotional or mental

distress suffered as a result of those violations, § 1997e(e) is inapplicable and those

claims are not barred."  *Id.* at 630. Thus, it appears that the Ninth Circuit has

distinguished between claims for emotional injuries that arise out of a constitutional rights

violation, and claims for violation of the constitutional right itself. The *Oliver* opinion

also established that while failure to make an adequate showing of physical injury is fatal

to a compensatory damages claim, it does not preclude the prisoner from pursuing

nominal or punitive damages. *Id.* at 629-30.

In the present case, Plaintiff has alleged that his lack of outdoor exercise worsened

his pre-existing mental health conditions of depression, anger and anxiety. Plaintiff's

Complaint and his Response to the Motion to Dismiss are devoid, however, of claiming

any physical injury that resulted from his alleged Eighth Amendment violation of not

being able to exercise outdoors without restraints.[4] Accordingly, Defendants' motion to

dismiss Plaintiff's claim for compensatory damages is granted. Although the *Oliver* ruling

still allows Plaintiff to pursue nominal or punitive damages, such an award is premised

---

[4]Plaintiff claims that the several grievances he filed with the jail regarding the pain medication (or lack thereof) he needed for his pre-existing conditions of a bulging disk, PTSD, and bi-polar disorder constitute the "physical injury" requirement of Section 1997e(e). These medical conditions, however, existed prior to his arrival at the jail and thus do not satisfy the Section 1997e(e) <u>physical</u> injury requirement.

**MEMORANDUM DECISION AND ORDER - 9**

upon Plaintiff's alleged constitutional violation being able to withstand Defendants' Motion to Dismiss, which it cannot do for the reasons set forth below.

### 3. Qualified Immunity

Defendants argue they are entitled to qualified immunity because the existing case law is clear that Defendants' conduct did <u>not</u> violate a clearly established constitutional right. (Dkt. 20, p.12). For the reasons set forth below, the Court agrees.

Rulings on a qualified immunity defense "should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive," inasmuch as the defense is "an immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

In § 1983 actions, the doctrine of qualified immunity protects state officials from personal liability for on-the-job conduct so long as the conduct is objectively reasonable and does not violate an inmate's clearly-established federal rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). Contrarily, a state official may be held personally liable in a § 1983 action if he knew or should have known that he was violating a plaintiff's clearly-established federal rights. *Id*. True to its dual purposes of protecting state actors who act in good faith and redressing clear wrongs caused by state actors, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

**MEMORANDUM DECISION AND ORDER - 10**

In ruling on a qualified immunity defense, a court should consider two questions. First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, if the plaintiff has alleged a deprivation of a constitutional right, a court "is to ask whether the right was clearly established." *Id*. In addition, the Supreme Court later held that a reviewing court may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In other words, a court may address whether the right was clearly established before taking up whether a constitutional violation was shown on the facts of the case before it, if that is the easier path. *Id.* at 225.

To determine whether the right was clearly established, a court turns to Supreme Court and Ninth Circuit law existing at the time of the alleged act. *Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996) (citation omitted). In the absence of binding precedent, the district courts should look to available decisions of other circuits and district courts to ascertain whether the law is clearly established. *Id.* (citation omitted).

 The inquiry of whether a right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. For the law to be clearly established, "[t]he contours of the right" must be sufficiently clear that a reasonable official would understand that his conduct violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). It is not necessary that the "very

**MEMORANDUM DECISION AND ORDER - 11**

action in question has previously been held unlawful,  . . .  but it is to say that in the light of preexisting law the unlawfulness must be apparent" to the official. *Id.*

Summary dismissal or dismissal is appropriate where "the law did not put the [defendant] on notice that his conduct would be clearly unlawful." *Id.; Saucier*, 533 U.S. at 195. However, if there is a genuine dispute as to the "facts and circumstances within an officer's knowledge," or "what the officer and claimant did or failed to do," summary judgment is inappropriate. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993). When a § 1983 defendant makes a properly supported motion for summary judgment based on official immunity, the plaintiff has the obligation to produce evidence of his own; the district court cannot simply assume the truth of the challenged factual allegations in the complaint. *Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 963 (9th Cir. 2004).

In this case, the Court finds that addressing the second step of the qualified immunity analysis first will facilitate a "fair and efficient disposition." *Pearson*, 555 U.S. at 225. Accordingly, the Court must inquire whether a high security inmate's constitutional right to exercise outdoors without restraints was clearly established. If not, Defendants are entitled to qualified immunity.

Although the United States Supreme Court has held that the Eighth Amendment "does not mandate comfortable prisons," *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981), the law is clearly established that a long term deprivation of outdoor exercise is unconstitutional. *See Keenan v. Hall*, 83 F.3d 1083, 1089-90 (9th Cir. 1996)

**MEMORANDUM DECISION AND ORDER - 12**

("[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation"); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (long-term deprivation of outdoor exercise for inmates is unconstitutional). Nevertheless, the "contours" of that right are not sufficiently clear that a reasonable official under these particular circumstances – involving a high security inmate, who may have had other exercise options, and was detained for only 29 days – would understand that his or her conduct violated that right. *See Anderson*, 483 U.S. at 640.

Indeed, while the Supreme Court or Ninth Circuit law does not have any binding precedent specifically applicable to these particular facts, *see, e.g.*, *Lemaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (shackling dangerous inmate during shower time did not violate Eighth Amendment; purpose of restraints was not to injure inmate or make it difficult to shower, but to protect staff), the decisions in other courts have held that an inmate does <u>not</u> have a right to outdoor exercise without restraints. *See Dumpson v. McGinnis,* 348 Fed.Appx. 658, 659 (2d Cir. 2009) (prisoner's right to exercise was not violated by officials' decision to leave him in restraints during exercise period; officials reached decision based on safety concerns stemming from prisoner's disciplinary history); *Tyson v. LeBlanc*, 2010 WL 5375955 *17 (E.D. La. 2010) (plaintiff's choice to not exercise because he thought it was difficult with restraints in place cannot establish a constitutional violation by defendants); *Grady v. Holmes*, 2007 WL 2507395 *5 (S.D. Ga. 2007) (inmate shackled during his recreation time and while showering does not amount

**MEMORANDUM DECISION AND ORDER - 13**

to an injury of constitutional magnitude); *Morgan v. Rowland*, 2006 WL 695813 (D.

Conn. 2006) (defendants granted summary judgment on claim regarding requirement that

inmate exercise in full restraints while in administrative segregation for disciplinary

offenses); *Williams v. Goord*, 142 F.Supp.2d 416, 426 (S.D.N.Y. 2001) (disputed facts as

to whether plaintiff's restraints prevented "meaningful exercise," whether plaintiff had

meaningful opportunity for in-cell exercise, and whether prison officials' actions were

justified precluded inmate's motion for summary judgment); *Clerk v. Motley*, 1987 WL

7284 (N.D. Ill. 1987) (inmate's complaint of having to remain handcuffed and shackled

while in exercise yard during a single visit to the exercise yard did not "involve a claim of

constitutional merit"). Since the relevant case law does not support a high security

inmate's clearly established right to exercise outdoors without restraints, there is no

apparent unlawfulness to the Defendants and their conduct. *See Anderson*, 483 U.S. at

640. Accordingly, Defendants are entitled to qualified immunity and their Motion to

Dismiss is granted on the basis of qualified immunity.

## 4. Plaintiff's Alleged Constitutional Violation

Defendants also argue for dismissal of this action based on Plaintiff's failure to

allege a violation of a constitutionally protected right. (Dkt. 20, p.8.) Because the Motion

to Dismiss is being granted on the basis of qualified immunity, this argument is deemed

moot.

**MEMORANDUM DECISION AND ORDER - 14**

**5. Punitive Damages**

Defendants argue that Plaintiff be precluded from seeking punitive damages against the Defendants in either their official or individual capacities. Because the Court has dismissed this action based on Defendants' qualified immunity defense, this argument is deemed moot.

**6. Injunctive Relief**

Defendants' final argument is that Plaintiff's claims for injunctive relief are moot because he is no longer an inmate at the Jail. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986). Because Plaintiff is no longer being detained at the Jail and because the Court has dismissed this action based on Defendants' qualified immunity defense, Plaintiff's request for injunctive relief is moot.

## ORDER

**IT IS ORDERED**:

1.      Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b) (Dkt. 19) is **GRANTED** in part and **DENIED** in part. Defendants' motion to dismiss is granted on the basis of Defendants' qualified immunity, as is Defendants' motion to dismiss Plaintiff's claim for compensatory damages. However, Defendants' motion to revoke Plaintiff's IFP status and to require Plaintiff to pay the filing fee first is denied.

2.      Defendants' motion to dismiss for failure to allege a constitutional violation, and Plaintiff's claims for punitive damages and injunctive relief are **MOOT**.

DATED: November 29, 2012

_____
Honorable Mikel H. Williams
United States Magistrate Judge